15-3300
Daly v. United States of America v. NYC & Vicinity District Council

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand sixteen.

PRESENT: DENNIS JACOBS,
        BARRINGTON D. PARKER,
                __Circuit Judges__,

        JANE A. RESTANI,*
                __Judge.__

- - - - - - - - - - - - - - - - - - - - -X

JOHN DALY,
        __Appellant__,

        -v.-                     15-3300

UNITED STATES OF AMERICA,
        __Plaintiff-Appellee__,

        -v.-

---

      *     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

1

**NEW YORK CITY and VICINITY DISTRICT COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA,**
                        <u>**Defendant-Appellee**</u>**,**

**JOHN R. ABBATEMARCO, PASCHAL MCGUINNESS, ROBERT J. CAVANAUGH, IRVING ZEIDMAN, First Vice President, President FREDERICK W. DEVINE, Second Vice President, FRANCIS J.P. MCHALE, Secretary-Treasurer, ANTHONY SALERNO, aka FAT TONY, VINCENT DINAPOLI, LOUIS DINAPOLI, PETER DEFEO, ALEXANDER MORELLI, aka BLACK ALEX, LIBORIO BELLOMO, aka BARNEY, ANTHONY FIORINO, NEW YORK CITY AND VICINITY DISTRICT COUNCIL OF CARPENTERS PENSION PLAN, PETER THOMASSEN, JOHN W. HOLT, SR.,**
                        <u>**Defendants**</u>**.**

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          NIALL MACGIOLLABHUI, Law Offices of Niall MacGiollabhui, New York, NY.

**FOR DEFENDANT-APPELLEE:**  THERESA J. LEE, Zuckerman Spaeder LLP, New York, NY (James M. Murphy & Gillian Costello, Spivak Lipton LLP, New York, NY <u>on the brief</u>).

Appeal from a final order of the United States District Court for the Southern District of New York (Berman, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

John Daly appeals from the final order of the United States District Court for the Southern District of New York (Berman, <u>J.</u>) upholding the recommendation of an Independent Monitor, made pursuant to a consent order, to end Daly's tenure as a shop steward and executive delegate of the District Council of New

York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Our review, like that of the district court, is de novo as to questions of law; but, under the terms of the consent order, our review of the final recommendation of the Independent Monitor is much more deferential--specifically, it is afforded "the same level of deference afforded to final agency action under the Administrative Procedure Act."  Stipulation & Order ¶ 5.b.iii(1) (Nov. 18, 2014) (A-430).  The Monitor's recommendation, therefore, can be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706.  See also United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 379-80 (2d Cir. 2001) (describing "narrow scope" of review where independent officer appointed pursuant to consent order is "given wide discretion").

**1.**  The basis of the Monitor's recommendation to remove Daly from his positions in the Union was the conclusion that he received benefit payments from his employer for hours he did not work, in violation of 29 U.S.C. § 186.  Daly argues that the payments in question did not violate the law.  The district court rejected that argument, and so do we.

In order to avoid the corruption of union representatives, section 186 (which is part of the Labor Management Relations Act, commonly known as Taft-Hartley) prohibits union representatives from receiving "any money or other thing of value" from the employer.  That prohibition has some exceptions, two of which Daly argues should apply.  Section 186(c)(1) permits what would otherwise be  prohibited payments by an employer to a representative "who is also an employee or former employee of such employer, as compensation for, or by reason of, his service as an employee of such employer."  Section 186(c)(5) permits payments "to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents" provided that "the detailed basis on which such payments are to be made is specified in a written agreement with the employer."

3

Paid time off for union work that is authorized in a collective bargaining agreement is no different than other fringe benefits that may be bargained for, and is therefore payment "for, or by reason of" employment under section 186(c)(1).  BASF Wyandotte Corp. v. Local 227, Int'l Chem. Workers Union, AFL-CIO, 791 F.2d 1046, 1048-49 (2d Cir. 1986). Daly, however, identifies no such provision of the relevant collective bargaining agreement.  On the contrary, the agreement provides for employer contributions only "for each hour worked."  A-499.  Because payment of benefits by the employer for time spent doing union work is not bargained-for, it is not payment "for, or by reason of" employment; and because there is no provision for it in a written agreement, the section 186(c)(1) and (5) exceptions do not apply.

**2.**  The finding that Daly received such unlawful payments from his employer was supported by substantial evidence.  The Monitor relied on the results of an investigation that included review of shop steward reports, remittance reports, sign-in sheets, transcripts of Union proceedings, and financial records. Daly was also interviewed as part of that investigation.  The "substantial evidence" bar is not especially high; it is met by "less than a preponderance, but more than a scintilla of evidence," and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cellular Tel. Co. v. Town of Oyster Bay, 166 F.3d 490, 494 (2d Cir. 1999) (internal quotation omitted).  Daly disputed the evidence, but the Monitor's finding was nevertheless within the bounds of its permissible discretion.

After Daly challenged the evidence, the Monitor (with the approval of the district court) issued a subpoena to Daly's mobile telephone provider to verify, from cellsite records, that he was not at his work location when he claimed to have been. Daly objects to that procedure on multiple grounds.  Because the Monitor's recommendation was supported by substantial evidence even in the absence of those records, however, we do not reach those issues.

**3.**  Pursuant to paragraph 5.b.iii of the 2014 consent order, the Monitor recommended Daly's removal as executive delegate and as shop steward.  Daly argues that recommending removal as

4

shop steward is improper under paragraph 5.b.iii, because the procedures described in that provision apply only to recommendations for removal from "office or employment," and the position of shop steward is neither. Daly asserts that the Monitor can only seek removal of shop stewards pursuant to paragraph 5.f., which gives the Monitor authority to initiate disciplinary proceedings against "officers, employees, agents, representatives, or members."

We disagree. "Office or employment" is not defined by the consent order. Although neither of the provisions described above specifies its application to shop stewards, Daly makes no persuasive argument that "office or employment" does not include them. The plain meaning of "office or employment" is broad; moreover, one of the express criteria by which the Monitor can find wrongdoing under paragraph 5.b.iii strongly suggests applicability to shop stewards: those criteria include violations of "any fiduciary responsibility imposed by 29 U.S.C. § 501." That statute imposes fiduciary responsibilities on "officers, agents, shop stewards, and other representatives" of labor unions. Whatever the Monitor's power to bring disciplinary proceedings under paragraph 5.f., it is clear that shop stewards can be guilty of conduct within the contemplation of paragraph 5.b.iii that justifies a recommendation of removal pursuant to that provision. The Monitor did not err on that basis.

Accordingly, and finding no merit in Daly's other arguments, we hereby **AFFIRM** the final order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK